UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

Edwin A. Towne, Jr.,           :
          Petitioner,          :
                               :
     v.                        :     File No. 2:06-CV-202
                               :
State of Vermont,              :
          Respondent.          :

REPORT AND RECOMMENDATIONS
(Papers 1, 9 and 11)

Petitioner Edwin Towne, proceeding *pro se*, seeks a writ of habeas corpus with respect to a 1983 state court conviction.  Towne argues that he should be allowed to withdraw his guilty plea on that conviction because the prosecution did not uphold its end of the plea bargain. His claim has previously been reviewed and rejected by the state courts.  Currently pending before the Court is the State's motion to dismiss.  For the reasons set forth below, I recommend that the State's motion be GRANTED and Towne's petition be DISMISSED.

Factual Background

On August 26, 1980, Towne was convicted by a jury in Vermont District Court of one count of sexual assault and one count of kidnapping.  He was subsequently sentenced to 10 to 15 years for these crimes.  On direct appeal, the Vermont Supreme Court reversed the conviction and

remanded the case to the District Court.

On remand, Towne entered into a plea agreement with the Windham County State's Attorney.  One condition of the guilty plea was that charges pending against him in New Hampshire would be dropped.[1]  At the March 11, 1983 change of plea hearing, Towne's attorney explained the terms of the plea.

> Well, your honor, as the Court is partially
> aware we had entered into a (sic) negotiations
> with the view towards obtaining a plea
> agreement.  And that plea agreement was that the
> defendant would offer pleas of guilty to the
> offenses of kidnapping and sexual assault.  That
> the state would recommend that the defendant be
> sentenced to a term on the sexual assault charge
> of not less than six nor more than eight years
> to serve with full credit for time served to
> date.  And in the kidnapping a sentence of four
> to seven years consecutive to the sexual assault
> charge, but suspended with probation.  That the
> state would recommend that the defendant be
> admitted into the sexual offender program at the
> Burlington Correctional Center.  And that if
> this was accepted by the Court it would be noted
> on the mittimus.
>
> The agreement of course was contingent upon the
> dismissal of the charges in New Hampshire and
> the withdrawal of the detainer on those pending
> charges in New Hampshire.  And that was what has
> been a stumbling block to date.  And as I
> understand the state of New Hampshire committing

---

[1]  The New Hampshire charges consisted of one count of aggravated felonious sexual assault.  After Towne failed to appear for arraignment on these charges, his bail was forfeited and a warrant issued for his arrest. (Paper 11, Ex. B at 1).

themselves not to prosecute on that matter they
will then withdraw their detainer from the
defendant's file and I think the plea agreement
could be accomplished.

(Paper 4-1 at 29). During the hearing, the prosecutor

reportedly received a phone call confirming that New

Hampshire intended to drop its charges and withdraw the

detainer. Id. at 30. After receiving this news, Towne

entered a guilty plea on each of the pending charges.

It is undisputed that the charges and detainer in

New Hampshire were not, in fact, dropped. As the Vermont

Supreme Court explained:

The New Hampshire warrant was not withdrawn, and
in 1986, Vermont police, in possession of the
New Hampshire fugitive warrant (as well as
credible information that petitioner possessed a
firearm), arrested petitioner and questioned him
about the disappearance of a local teenager.
Petitioner was later charged and convicted of
the teenager's murder (as well as six federal
firearms violations); police found the murder
weapon in the foundation of petitioner's house.
Petitioner's murder conviction was affirmed by
this Court.

(Paper 11-1 at 78, quoting In re Towne, No. 2004-521, at

1 n.* (Vt. Oct. 28, 2005) (parentheticals in original)).

Because the New Hampshire charges and detainer were not

withdrawn, Towne has challenged the validity of his

guilty plea in multiple post-conviction review petitions

3

in state court.  (Paper 4-2 at 4-5).  His challenges have been denied, in part, for failure to show that he suffered any prejudice.  Id.

Towne is currently serving a federal sentence on firearms violations.  When he completes his federal sentence, Towne will begin serving his state sentence on the murder conviction.  With respect to his 1983 state conviction, Towne ultimately received an unsatisfactory discharge from probation.  (Paper 11, Ex. B at 5).  Consequently, that sentence has expired.

Towne now attacks his 1983 state court conviction, arguing that he should be able to withdraw his guilty plea because the New Hampshire warrant and underlying charges were never dismissed.  He brings his petition pursuant to 28 U.S.C. § 2254.  The State has moved to dismiss, arguing that this Court has no jurisdiction under § 2254 because Towne is no longer in custody pursuant to the 1983 conviction and sentence.  Moreover, the State argues, even if the Court were to construe the 1983 conviction as having a continuing impact, the State of Vermont is not the proper respondent since Towne is in federal custody.  The State further contends that the

1983 conviction is "conclusively valid and not subject to collateral attack" in a challenge to either Towne's federal firearms sentence or his state murder sentence. Finally, the State submits that Towne's filing is time-barred.

Discussion

I.   Jurisdiction

The Court will first address the jurisdictional question.  Habeas corpus relief is available to a state prisoner who is "in custody pursuant to the judgment of a State court . . . on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).  Even if no longer physically confined, a petitioner satisfies the "in custody" requirement of § 2254 if he or she remains subject to adverse collateral consequences which result from the subject conviction.  See Carafas v. LaVallee, 391 U.S. 234, 237-39 (1968).  However, the Supreme Court has held that "once the sentence imposed for a conviction has completely expired, the collateral consequences of that conviction are not themselves sufficient to render an individual 'in custody' for the purposes of habeas

attack upon it." <u>Maleng v. Cook</u>, 490 U.S. 488, 492 (1989).

In <u>Maleng</u>, a federal prisoner brought a habeas corpus petition claiming that his prior, expired state conviction had been illegally used to enhance both his current federal and state sentences. <u>Id.</u> at 489-90. As in this case, the petitioner was serving a federal sentence when he filed his § 2254 petition. Acknowledging prior holdings in which the "in custody" language did not require physical confinement, the Supreme Court clearly stated: "We have never held, however, that a habeas petitioner may be 'in custody' under a conviction when the sentence imposed for that conviction has *fully expired* at the time his petition is filed." <u>Id.</u> at 491 (emphasis in original). Accordingly, the Supreme Court determined that while the petitioner could still challenge the enhanced state sentence, he could not use § 2254 to challenge his underlying, expired sentence. <u>Id.</u> at 493.

In <u>Lackawanna County District Attorney v. Coss</u>, 532 U.S. 394, 402 (2001), the Supreme Court answered the question it "explicitly left unanswered in <u>Maleng</u>: 'the

6

extent to which the [prior expired] conviction itself may be subject to challenge in the attack upon the [current] senten[ce] which it was used to enhance.'"  Coss, 532 U.S. at 402 (quoting Maleng, 490 U.S. at 494).  In response to this question, and in keeping with its decision in Daniels v. United States, 532 U.S. 374 (2001) in the context of a § 2255 petition, the Court held that "once a state conviction is no longer open to direct or collateral attack in its own right because the defendant failed to pursue those remedies while they were available (or because the defendant did so unsuccessfully), the conviction may be regarded as conclusively valid."  Coss, 532 U.S. at 403-04 (parenthetical in original).

     The Coss decision identified some exceptions to this general rule, none of which applies here.  First, the rule does not apply where there was a failure to appoint counsel in violation of the Sixth Amendment.  Id. at 404. Second, and because "it is not always the case . . . that a defendant can be faulted for failing to obtain timely review of a constitutional claim," a court may consider a petition directed at the enhanced sentence if the instant petition is "the first and only forum available for

review of the prior conviction." Id. at 405-06.  In any
event, "the challenged prior conviction must have
adversely affected the sentence that is the subject of
the habeas petition." Id. at 406.

Here, Towne is challenging his expired 1983
sentence.  Because the sentence has expired, his petition
is barred under Maleng.  Moreover, Towne's 1983 sentence
is presumptively valid under Coss.  None of the Coss
exceptions apply, since Towne is not claiming a Sixth
Amendment violation and has had ample opportunity to
challenge the validity of the sentence in state court.
Indeed, Towne brought claims for post-conviction review
of his 1983 sentence in 1989, and again in 2003.  (Paper
11, Ex. B & F).  The Vermont Supreme Court upheld the
most recent denial of post-conviction relief in a
decision dated October 28, 2005.  (Paper 11, Ex. H).

In Maleng, the Supreme Court held that although the
petitioner could not challenge his expired state
sentence, he was "in custody" for purposes of the
unexpired state sentence.  490 U.S. at 493-94.  In this
case, Towne has already brought a § 2254 petition
challenging his murder conviction, and the Court has no

8

jurisdiction to hear a "second or successive petition" with respect to that same conviction.  28 U.S.C. § 2244(b); Towne v. State of Vermont, 2:00-CV-471.[2] Furthermore, Towne has failed to specify how his 1983 sentence "adversely affected the sentence that is the subject of the habeas petition."  Coss, 532 U.S. at 406.[3] Because Towne's challenge to his 1983 conviction is barred by Supreme Court precedent, and since this Court has no basis upon which to consider Towne's petition as a challenge to an existing conviction,[4] I recommend that his § 2254 petition be DENIED.

## II.  Statute of Limitations

Even if the Court were to consider Towne's challenge to his 1983 conviction, his petition is time barred.  The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), effective April 24, 1996, created a one-year

---

[2]  The Court dismissed Towne's petition for failure to bring his claim with reasonable diligence as required by what was, at that time, Rule 9(a) of the Rules Governing Section 2254 Cases.

[3]  Towne does mention in his reply memorandum that the 1983 conviction was used to calculate his subsequent state sentence, but provides no specifics on this point.  (Paper 12 at 4, 10).

[4]  The State proposes that the Court might construe Towne's filing as a § 2255 motion, and argues that in that event, the respondent would need to be a federal entity.  In his reply, Towne insists that his filing is under § 2254.  "Should I decide to attack my federal sentence again, this court knows that I know which statute to use."  (Paper 12 at 10).  Towne has unsuccessfully challenged his federal sentence in previous § 2255 proceedings.  See United States v. Towne, 2:86-CR-77.

statute of limitations for habeas corpus petitions.  28 U.S.C. § 2244(d)(1).  For cases in which state court review was completed prior to the enaction of the AEDPA, the Second Circuit allowed petitioners a grace period of one year from the AEDPA's effective date in which to file a petition.  Rosa v. Senkowski, 148 F.3d 134, 135-36 (2d Cir. 1998); Ross v. Artuz, 150 F.3d 97, 102 (2d Cir. 1998).  The AEDPA also provides that the time during which a petitioner seeks state court post-conviction collateral review is not counted toward the one-year statute of limitations.  28 U.S.C. § 2244(d)(2).

Towne challenged his 1983 conviction in a petition for post-conviction review in 1989.  The petition was denied, and a direct appeal was dismissed by stipulation of the parties in 1992.  After the passage of the AEDPA, Towne had until April 24, 1997 to bring a § 2254 petition challenging the 1983 conviction.  Ross, 150 F.3d at 102-03.  His next action, however, was not until February, 2002, when he filed suit for damages in state court. See Towne v. State of Vermont, No. 2002-376, at 1 (Vt. Jan. 2003).  According to Towne, the suit was dismissed based upon the holding in Heck v. Humphrey, 512 U.S. 477

10

(1994) (§ 1983 action for money damages not cognizable where decision in favor of plaintiff would necessarily invalidate criminal conviction).  (Paper 4-1 at 5; Paper 12 at 5-6).  Towne appealed, and the decision was affirmed on January 24, 2003.  (Paper 4-1 at 24).

In August, 2002, Towne allegedly filed a motion to withdraw his 1983 guilty plea, but the motion was denied.  Id. at 6.  Towne next filed a second petition for post-conviction review on October 28, 2003.  Id. at 7.  The petition was denied, and the Vermont Supreme Court affirmed in October 2005.

As noted above, the AEDPA explicitly tolls the limitations period when there has been a "properly filed application for State post-conviction or other collateral review . . . ."  28 U.S.C. § 2244(d)(2).  Here, Towne's first such application was dismissed in 1992, and his next such filings was not until 2003.  Even if the Court were to consider the intervening lawsuit and motion to withdraw Towne's guilty plea, those filings were well beyond the AEDPA's one-year limitation period as well.  Accordingly, Towne's current petition is untimely, and the Court should GRANT the State's motion to dismiss.

Conclusion

For the reasons set forth above, I recommend that the State's motion to dismiss (Paper 11) be GRANTED, and that Towne's petition for a writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254, be DISMISSED.  Towne's motions to order the State to respond within 15 days, to deem any procedural bars waived and proceed to the merits, and renewed motion for appointment of counsel (Paper 9) are DENIED.

Dated at Burlington, in the District of Vermont, this 26th day of April, 2007.

/s/ Jerome J. Niedermeier
Jerome J. Niedermeier
United States Magistrate Judge


Any party may object to this Report and Recommendation within 10 days after service by filing with the clerk of the court and serving on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections.  Failure to file objections within the specified time waives the right to appeal the District Court's order.  See Local Rules 72.1, 72.3, 73.1; 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b), 6(a) and 6(e).